**FILED**

**NOVEMBER 20, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT OF ILLINOIS
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6578**

| | | |
|---|---|---|
| MATTHEW C. CHARLES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | **LI** |
| RUSH NORTH SHORE | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | **JUDGE GETTLEMAN** |
| | | **MAGISTRATE JUDGE DENLOW** |

**COMPLAINT**

NOW COMES Plaintiff, MATTHEW C. CHARLES, by and through his attorneys, DONALD S. ROTHSCHILD and SARA L. SPITLER of GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC and HOFF, Ltd, and for his **COMPLAINT** states as follows:

**JURISDICTION**

1.     This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §12101 *et seq.* and The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq.*  Jurisdiction of this Court is based upon a federal question derived under 28 U.S.C. §1331 and 42 U.S.C. §2601.  The jurisdiction of this Court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §12101 *et seq*, providing for declaratory, injunctive and other relief against employment discrimination.

2.     Venue in this district is proper under 28 U.S.C. § 1391 (b).  The Defendant resides or resided in this district, and the events giving rise to Plaintiff's claims occurred here.

3.     All conditions precedent to jurisdiction have occurred or been complied with:

a.   A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") by Plaintiff, Matthew C. Charles, against Defendant, Rush North Shore Medical Center ("RUSH") on September 27, 2006: EEOC No. 440-2006-09973, a copy of which is attached hereto as **Exhibit 1**.

b.   The EEOC issued a Notice of Right to Sue on August 31, 2007, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4.   MATTHEW C. CHARLES ("CHARLES") is a citizen of the United States and the State of Illinois.  He resides in Chicago, Illinois.

5.   At all times during his employment with RUSH, CHARLES suffered from a developmental disability and has received social security disability benefits.   CHARLES is within the protected class, as defined by the ADA, 42 U.S.C. 12111 (8).

6.   RUSH is located in Cook County, and it is an employer within the meaning of 42 U.S.C. §12115 (A).

## BACKGROUND FACTS

6.   CHARLES was hired by RUSH on or about December 20, 1999.

7.   Prior to his termination, CHARLES was employed by RUSH as a Food Service Worker.

8.   At all times pertinent to this action, CHARLES was employed in a part-time capacity.

2

9.     At the time he was hired and at all times pertinent hereto, CHARLES suffered from a developmental disability.  As a result of this disability and by virtue of the fact that CHARLES receives social security benefits, CHARLES is able to be employed only on a part-time basis.

10.     At all times pertinent hereto, RUSH was aware that CHARLES suffered from a developmental disability, that CHARLES was on social security disability as a result of this disability, and that CHARLES could work only part-time hours.

11.     At all times pertinent hereto, CHARLES performed to the legitimate expectations of RUSH.

12.     Starting in or around 2003, when a new Director was hired for the department in which CHARLES was employed at RUSH, CHARLES began being subjected to less favorable treatment than his non-disabled co-workers.  In particular, CHARLES was assigned heavier workloads, monitored more closely, required to work longer hours, and assigned to work alone on jobs that required more than one worker.

13.     CHARLES complained repeatedly about the foregoing unfavorable treatment.

14.     On or about December 25, 2005, CHARLES sustained an injury to his knee while at work when he slipped on some spilled liquid.  Despite the injury, CHARLES completed his shift on December 25, 2005.

15.     CHARLES reported to work on December 26, 2005, and advised his supervisor, Vivian Davison, of his injury.

16.     With Ms. Davison's permission, CHARLES sought treatment for his injury at RUSH's Emergency Department on December 26, 2005.  CHARLES was given crutches

3

and a knee-brace and was advised that he should not work and should follow-up with an orthopaedic physician.

17.     Immediately following his treatment at the Emergency Department, CHARLES advised Ms. Davison of the work restriction and provided Ms. Davison with copies of the paperwork provided by the Emergency Department.

18.     CHARLES was off of work on December 27, 2005, and commenced a pre-planned vacation on December 28, 2005, through January 20, 2006.

19.     CHARLES was subsequently diagnosed as having a right knee medial meniscus tear, which required corrective arthroscopic surgery.

20.     While on vacation between December 28, 2005 through January 20, 2006, CHARLES made numerous attempts to contact personnel at RUSH to advise them of his injury and status and his need to be off work until after his surgery.

21.     A letter detailing this diagnosis and advising that CHARLES was scheduled for surgery on March 21, 2006, was tendered to RUSH on January 27, 2006, by the Nurse Specialist for CHARLES' orthopaedic surgeon, Dr. Steven Levin.

22.     On January 27, 2006, CHARLES specifically advised Fred Clark, a supervisor, that he was injured, required surgery and could not return to work, at which time CHARLES was verbally advised that he would need to complete FMLA paperwork.

23.     CHARLES was not provided with any FMLA paperwork to complete at this time or at any time following January 27, 2006.

24.     In February and March of 2006, CHARLES, and others on his behalf, made numerous attempts to contact personnel at RUSH, including CHARLES' supervisors and

4

the human resources department, to keep RUSH advised of CHARLES' condition and to follow-up on the request for FMLA paperwork.

25.    Representatives of RUSH failed to respond to CHARLES' numerous inquiries and failed to provide CHARLES with the required FMLA paperwork to complete.

26.    On February 28, 2006, CHARLES, with the assistance of Carolyn Baird, a counselor treating CHARLES, called Mr. Clark to inquire about the status of CHARLES' employment. Clark referred CHARLES and Ms. Baird to the human resources department at RUSH, for whom a message was left.

27.    On March 1, 2006, Ms. Baird was informed by the human resources department at RUSH that CHARLES was still employed. The individual with whom Ms. Baird spoke, however, was unable to answer any questions about the status of CHARLES' FMLA leave.

28.    Ms. Baird left a number of messages in the following days in an attempt to obtain information about CHARLES' job status and the status of FMLA leave.

29.    CHARLES and Ms. Baird traveled to RUSH on March 7, 2006, and met with Bruce Becker in the human resources department to discuss the status of CHARLES' health, FMLA leave, and job. Mr. Becker was unable to provide any information regarding whether CHARLES had been granted FMLA leave or whether CHARLES still had a job at RUSH.

30.    Mr. Becker failed to follow up on the matter, despite his promises to do so.

31.    Upon information and belief and unbeknownst to CHARLES, RUSH terminated CHARLES' employment effective February 13, 2006.

32.    CHARLES had knee surgery on March 10, 2006.

33.    CHARLES was released to return to work on March 29, 2006.

34.    Despite being released to return to work on March 29, 2006, CHARLES was not permitted to return to work on March 29 and has not been permitted to return to work at RUSH.

35.    Upon information and belief, on or about May 9, 2006, all Food Service Workers at RUSH were converted to Catering Associates effective April 11, 2006.

36.    Upon information and belief, Catering Associates perform substantially the same duties previously performed by Food Service Workers.

37.    CHARLES, who was performing to the legitimate expectations of RUSH prior to his termination, is qualified to perform the duties and tasks performed by Catering Associates at RUSH.

38.    Unlike the Food Service Worker position, the Catering Associate position is purportedly a full-time only position.

39.    RUSH refused and continues to refuse to accommodate CHARLES by providing him with a part-time position as a Catering Associate.

### COUNT I
### AMERICANS WITH DISABILITIES ACT
### DISABILITY DISCRIMINATION

40.    Plaintiff repeats and re-alleges and incorporates herein as part of Count I, Paragraph Nos. 1-39 of this Complaint, as though fully stated herein.

41.    Plaintiff is a qualified individual with a disability.

42.    At all times pertinent, Plaintiff could perform all of his essential job duties.

6

43.     The allegations more particularly described in Paragraphs 1 through 39 of this Complaint, constituted intentional discrimination against Plaintiff on the basis of his disability, with malice or with reckless indifference to the federally protected rights of Plaintiff, in violation of the Americans with Disabilities Act of 1990, 42 USC § 12101, et seq., as amended most recently by the Civil Rights Act of 1991, 42 USC § 2000, et seq.

44.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is his only means of securing adequate relief.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

45.     Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, MATTHEW CHARLES, respectfully prays that this Honorable Court:

a.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the American With Disabilities Act;

b.     Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c.     Order modifications or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be

in violation of applicable law so that it will not discriminate on the basis of disability;

d.    Immediately reinstate and assign Plaintiff to that job he would be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those he would have been enjoying but for the discriminatory practices of Defendant, or if impossible, award Plaintiff front end pay;

e.    Compensate and make Plaintiff whole for all earnings and wages, including pre-judgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

f.    Award Plaintiff the costs and disbursements of this action, including reasonable attorneys fees;

g.    Award Plaintiff punitive damages for Defendant's willful conduct; and

h.    Grant such other relief as may be just and proper.

## COUNT II
## AMERICANS WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE

40.    Plaintiff repeats and re-alleges and incorporates herein as part of Count II, Paragraph Nos. 1-39 of this Complaint, as though fully stated herein.

41.    Plaintiff is a qualified individual with a disability.

42.    Defendant was aware of Plaintiff's disability.

43.    By virtue of his disability, Plaintiff requires a reasonable accommodation in order to perform his tasks.  Specifically, CHARLES requires a part-time position.

8

44.    Prior to his on-the-job injury and FMLA-qualifying leave, Plaintiff was employed by RUSH in a part-time capacity as a Food Services Worker and was performing to the legitimate expectations of RUSH.

45.    Following his on-the-job injury and FMLA-qualifying leave, RUSH has failed and refused to accommodate CHARLES by failing to reinstate CHARLES to the part-time position that he held prior to his FMLA-qualifying leave and by failing to provide him with a part-time position as a Catering Associate.

46.    It would not be an undue burden on Defendant to provide Plaintiff with a part-time position as a Catering Associate.

47.    Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

48.    Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, MATTHEW CHARLES, respectfully prays that this Honorable Court:

a.    Enter a declaratory judgment that the practices complained of herein are unlawful and violate the American With Disabilities Act;

b.    Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and

usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c.     Order modifications or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

d.     Immediately reinstate and assign Plaintiff to that job he would not be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those he would have been enjoying but for the discriminatory practices of Defendant, or if impossible, award Plaintiff front end pay;

e.     Compensate and make Plaintiff whole for all earnings and wages, including pre-judgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

f.     Award Plaintiff the costs and disbursements of this action, including reasonable attorneys fees;

g.     Award Plaintiff punitive damages for Defendant's willful conduct; and

h.     Grant such other relief as may be just and proper.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**RETALIATION**

40.    Plaintiff repeats and re-alleges and incorporates herein as part of Count III, Paragraph Nos. 1-39 of this Complaint, as though fully stated herein.

10

41.    Plaintiff opposed an act or practice that he believed to be unlawful disability discrimination in employment.

42.    Plaintiff engaged in a protected activity.

43.    Plaintiff suffered a materially adverse employment action.

44.    There is a causal link between Plaintiff's engagement in a protected activity and his termination.

45.    Defendant violated the ADA when it retaliated against Plaintiff for opposing what he believed to be disability discrimination in employment.  42 U.S.C. § 12203.

46.    Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is his only means of securing adequate relief.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

47.    Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, MATTHEW CHARLES, respectfully prays that this Honorable Court:

a.    Enter a declaratory judgment that the practices complained of herein are unlawful and violate the American With Disabilities Act;

b.    Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

11

c.      Order modifications or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

d.      Immediately reinstate and assign Plaintiff to that job he would not be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those he would have been enjoying but for the discriminatory practices of Defendant, or if impossible, award Plaintiff front end pay;

e.      Compensate and make Plaintiff whole for all earnings and wages, including pre-judgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

f.      Award Plaintiff the costs and disbursements of this action, including reasonable attorneys fees;

g.      Award Plaintiff punitive damages for Defendant's willful conduct; and

h.      Grant such other relief as may be just and proper.

**COUNT IV**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

40.     Plaintiff repeats and re-alleges and incorporates herein as part of Count III, Paragraph Nos. 1-39 of this Complaint, as though fully stated herein.

41.     An employer is prohibited from interfering with an employee's exercise of his rights afforded by the provisions of the FMLA. 29 U.S.C. §2615(a)(1).

42.      Such rights include the guarantee that an employee may return to the

12

position he held before going on FMLA leave, or to a position with equivalent employment benefits, pay, and other terms and conditions of employment.  29 U.S.C. §2614(a).

43.    Plaintiff provided sufficient notice to put RUSH on notice of his injury, the need for FMLA-qualifying leave, and the expected timing and duration of the leave.

44.    To the extent that Defendant required or desired additional information or documentation in connection with Plaintiff's FMLA-qualifying leave, Defendant failed to respond to Plaintiff's inquiries and requests and, thus, failed to cooperate with Plaintiff in order to obtain the necessary information and documentation.

45.    Plaintiff was released to return to work on March 29, 2006, but has been denied reinstatement.

46.    By terminating Plaintiff and refusing to reinstate Plaintiff following his FMLA-qualifying leave, RUSH violated 29 U.S.C. § 2601 *et seq.*

47.    Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

48.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MATTHEW CHARLES, respectfully prays that this Honorable Court:

a.    Immediately reinstate and assign Plaintiff to that job he would not be occupying but for theunlawful practices of Defendant, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those he

13

would have been enjoying but for the unlawful practices of Defendant, or if impossible, award Plaintiff front end pay;

b.    Compensate and make Plaintiff whole for all earnings and wages, including pre-judgment interest and other benefits that he would have received but for the unlawful practices of Defendant;

c.    Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees; and

d.    Grant such other relief as may be just and proper.


                              Respectfully submitted,

                              MATTHEW C. CHARLES,


                         By:  _____
                              One of his attorneys


Donald S. Rothschild
Sara L. Spitler
GOLDSTINE, SKRODZKI, RUSSIAN,
NEMEC and HOFF, LTD.
835 McClintock Drive
Burr Ridge, IL  60527
(630) 655-6000

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **440-2006-09973** |

| **Illinois Department Of Human Rights** | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Matthew C. Charles** | **(847) 903-3994** | **08-14-1976** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7467 N Marshfield, Apt 3, Chicago, IL 60626** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **RUSH NORTHSHORE MEDICAL CENTER** | **500 or More** | **(847) 677-9600** |

| Street Address | City, State and ZIP Code |
|---|---|
| **9600 Gross Point Road,  Skokie, IL 60076** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

Earliest **02-01-2003**  Latest **02-24-2006**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on or about December 20, 1999.  Since my hire date Respondent was aware of my disability.  My most recent position was Food Service Worker.  Beginning in or around 2003, a new Director was assigned to my department.  Since that time I have been subjected to less favorable treatment than my non-disabled co-workers in that I have been repeatedly assigned heavier workloads, monitored more closely, required to work longer hours, and assigned to work alone on jobs that required more than one worker.  I have complained about the different treatment to my supervisor repeatedly to no avail.  I was subsequently discharged on or about February 24, 2006.

I believe I have been discriminated against because of my disability and retaliated against because I complained about discrimination in violation of Title I of the Americans with Disabilities Act of 1990.



RECEIVED FROM

SEP 27 2006

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Sep 27, 2006**  *Date*      *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Matthew C. Charles<br>7467 N. Marshfield, Apt. 3<br>Chicago, IL 60626<br><br>Certified Mail No: 7001 0320 0006 1099 5108 | From: | Equal Employment Opportunity<br>Commission<br>Chicago District Office<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois  60661-2511 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-09973 | **Karen Lanners, Investigator** | (312) 353-0902 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*, **District Director**

8/21/07
*(Date Mailed)*

Enclosure(s)

cc: **Rush Northshore Medical Center**

EXHIBIT
2