IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Matthew C. Charles** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   07 C 6578 |
| v. | ) | |
| | ) | |
| | ) | Judge Robert W. Gettleman |
| **Rush North Shore Medical Center** | ) | |
| | ) | |
| Defendant. | ) | |

ORDER SETTING INITIAL STATUS REPORT
FOR CASES ASSIGNED TO
JUDGE GETTLEMAN

This case has been assigned to the calendar of Judge Robert W. Gettleman.  To assist the court in acquiring the requisite knowledge of the case, it is hereby ordered:

1.  Counsel and any unrepresented party should obtain a copy of Judge Gettleman's Revised Standing Order Regarding Motion Practice, Briefs and Protective Orders in Civil Cases, which is available in chambers or on the court website (www.ilnd.uscourts.gov).

2.  Counsel are to confer, prepare and file in chambers one original and one copy of a brief, joint[1] status report, not to exceed five pages on or before **Feb. 5, 2008**.  If defendant's counsel has not yet filed an appearance, the status report should be prepared by plaintiff's counsel.  The report shall contain a full caption showing all parties and shall provide the following information in the order set forth below in the following format:

    A.  The date and time this matter is set for a status report before the Court.

---

[1] There should be no reason why a joint status report cannot be prepared.  If the parties disagree on any issue, such disagreement should be noted in the report.

B. The attorneys of record for each party, indicating which attorney is expected to try the case.

C. The basis of federal jurisdiction.

D. Whether a jury has been requested and by which party.

E. The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case.

F. The relief sought by any party, including computation of damages, if available.

G. The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.

H. The principal legal issues (including the citation to any key legal authority related to such issue).

I. The principal factual issues, including the parties' respective positions on those issues.

J. A brief description of all anticipated motions.

K. A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.

L. The earliest date the parties would be ready for trial and the probable length of trial.

M. The status of any settlement discussions and whether a settlement conference would be appropriate. In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter

through alternative dispute resolution (ADA), and to briefly set forth the results of such consideration and discussion. For Lanham Act cases, the parties must comply fully with Local General Rule 16.3.

    N.  Whether the parties will consent to trial before a magistrate judge.

3.  This matter is set for a status conference on **Feb. 7th, 2008** at **9:00** a.m. The principal trial attorney for each party, or an attorney with sufficient familiarity with and responsibility for the case, shall appear at that time prepared to discuss all aspects of the case.

**Dated: January 18, 2008**

                        **ENTER:**

                        _____
                        **Robert W. Gettleman**
                        **United States District Judge**