IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW C. CHARLES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RUSH NORTH SHORE MEDICAL CENTER,<br><br>　　　　Defendant. | No. 07 C 6578<br><br>Judge Gettleman<br><br>Magistrate Judge Denlow |

## MOTION TO DISMISS COUNT II

Defendant Rush North Shore Medical Center ("Rush"), by its attorneys, moves the Court to dismiss Count II of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiff has not exhausted his administrative remedies with respect to this claim. In support of this motion, Rush states as follows:

1.　　Plaintiff Matthew C. Charles ("Plaintiff") filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on September 26, 2006. (Compl. ¶3; a copy is attached hereto as Exhibit A). The EEOC Charge alleged discriminatory treatment and retaliatory discharge in violation of the Americans With Disabilities Act ("ADA"), as follows:

> I was hired by Respondent on or about December 20, 1999. Since my hire date Respondent was aware of my disability. My most recent position was Food Service Worker. Beginning in or around 2003, a new Director was assigned to my department. Since that time I have been subjected to less favorable treatment that my non-disabled co-workers in that I have been repeatedly assigned heavier workloads, monitored more closely, required to work longer hours, and assigned to work alone on jobs that required more than one worker. I have complained about the different

treatment to my supervisor repeatedly and to no avail. I was subsequently discharged on or about February 24, 2006.

I believe I have been discriminated against because of my disability and retaliated against because I complained about discrimination in violation of Title I of the Americans with Disabilities Act of 1990.

2. On November 20, 2007, Plaintiff filed this lawsuit against Rush, alleging discrimination and retaliation under the ADA discrimination in Counts I and III, respectively.

3. Plaintiff brings a separate claim in Count II for failure to accommodate under the ADA, stating that "[f]ollowing his on-the-job injury and FMLA-leave qualifying leave, Rush has failed and refused to accommodate [Plaintiff] by failing to reinstate [him] to the part-time position that he held prior to his FMLA-qualifying leave and by failing to provide him with a part-time position as a Catering Associate." (Compl. ¶¶ 35-39, 47).

4. It is settled law that the claims brought in a lawsuit under the ADA must have been asserted in the underlying EEOC charge allegations, or must be "like or reasonably related to the allegations of the Charge and grow out of such allegations." *Davis v. Central Can Co.*, No. 05 C 1563, 2006 WL 2255895 at *4 (N.D. Ill. Aug. 4, 2006) (citing *Harper v. Godfrey Co.*, 45 F.3d 143, 147-148 (7th Cir. 1995) (Gettleman, J.); *see also Green v. National Steel Corporation*, 197 F.3d 894, 898 (7th Cir. 1999).[1]

5. As a matter of law, a failure to accommodate claim is substantively and factually different from a claim of discrimination or retaliation. Because these claims are found in separate sections of the ADA and analyzed under different standards, such claims are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to

---

[1] All unpublished decisions cited in the motion are attached hereto as Exhibit B.

naturally follow from an EEOC investigation of a disparate treatment claim. *Green*, 197 F.3d at 898; *Davis*, 2006 WL 2255895 at *4; *Jokiel v. Alpha Baking Co.*, No. 03 C 3845, 2005 WL 1563215 at *9 (N.D. Ill. Jun. 27, 2005).

6.      This is true here.  Plaintiff's EEOC Charge alleged that he was treated differently during his employment as a Food Service Worker than other employees because of his disability. He also alleged in his Charge that he complained about such treatment and was terminated. However, his accommodation claim concerns his failure to be reinstated to a newly created job of Catering Associate after his termination.  (Comp. ¶¶ 31, 35-39).  Although all events that underlie Plaintiff's failure to accommodate claim occurred <u>prior</u> to the time Plaintiff filed his EEOC Charge, Plaintiff did not mention anything about failure to accommodate in his Charge. This court's statement in *Davis* has equal application here: "[t]he [EEOC] Charge is devoid of any indication that plaintiff requested an accommodation, or was denied an accommodation, or any allegation that could potentially demonstrate defendant's failure to accommodate plaintiff." 2006 WL 2255895 at *4.

7.      Accordingly, Plaintiff has not exhausted the EEOC administrative process with respect to the accommodation claim and it must be dismissed. *Green*, 197 F.3d at 898 (affirming dismissal of failure to accommodate claim not mentioned in EEOC charge); *Davis*, 2006 WL 2255895 at *5 (dismissing failure to accommodate claim not mentioned in EEOC charge); *Jokiel*, 2005 WL 1563215 at *9 (same); *Baker v. Sheahan*, No. 03 C 6551, 2005 WL 1189593 at *5 (N.D. Ill. May 12, 2005) (same on motion to reconsider); *Stansberry v. Uhlich Children's Home*, 264 F.Supp.2d 681, 691 (N.D. Ill. 2003) (same).

8.      For these reasons, Count II should be dismissed with prejudice.

- 4 -

                              RUSH NORTH SHORE MEDICAL CENTER


                 By:  s/ Christopher L. Nybo
                          One of Its Attorneys

Bruce R. Alper, Bar No. 03122801
Christopher L. Nybo, Bar No. 06278147
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
Dated: January 18, 2007

CHICAGO/#1736297.2

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing MOTION TO DISMISS COUNT II to be served upon:

> Donald S. Rothschild
> Sara L. Spitler
> Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd.
> 835 McClintock Drive, Second Floor
> Burr Ridge, Illinois  60527

by electronic means on January 18, 2008.

                                                                 s/ Christopher L. Nybo
                                                                 _____
                                                                 Christopher L. Nybo