# EXHIBIT
# B



Not Reported in F.Supp.2d Page 1
Not Reported in F.Supp.2d, 2005 WL 1189593 (N.D.Ill.)
**(Cite as: 2005 WL 1189593 (N.D.Ill.))**

C Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
O'Lillian BAKER, Plaintiff,
v.
Michael SHEAHAN, Sheriff of Cook County, Illinois, in his official capacity, Defendant.
**No. 03 C 6551.**

May 12, 2005.

Christopher V. Langone, Jeffrey Naffziger, Craig Rein Frisch, Chicago, IL, for Plaintiff.

Brian Edward Clauss, Greg Vaci, Cook County State's Attorney, Chicago, IL, for Defendant.

*MEMORANDUM AND ORDER*

MANNING, J.

***1** Plaintiff O'Lillian Baker is a correctional officer at the Cook County Jail. She contends that her employer discriminated against her in violation of the Americans with Disabilities Act and retaliated against her after she complained about alleged discrimination in the workplace. Defendant Michael Sheahan, in his official capacity as the Sheriff of Cook County, filed a motion for summary judgment on both of these counts. The court granted this motion, and Baker presently seeks reconsideration of the grant of summary judgment as to her failure to accommodate claim under the ADA. For the following reasons, Baker's motion to reconsider is denied.

*Discussion*

For the purposes of this order, the court will assume familiarity with its summary judgment order. To briefly recap, Baker filed her first EEOC charge on July 17, 2002. This charge raised the allegations regarding Sergeant Alex Cruz that had appeared in her two internal complaints. Specifically, in Baker's first internal complaint, she stated that: (1) she had been written up based on false grounds or for slight infractions for which other officers were not punished, (2) Cruz forced her to take an early lunch break, even though other supervisors let her have lunch later so she could avoid having two full meals within three hours of taking her insulin, (3) her vacation requests were denied, (4) her pay was docked without notice, and (5) she was spoken to in a hostile and derogatory manner. After Baker received an adverse ruling in this case, she filed a complaint based on these same general facts with the CCDOC's internal affairs division.

In Baker's second EEOC charge, she stated in full that:

I. I have been employed by the above-named Respondent since June 12, 1995, as a correctional officer. I had no problems until about March 2001, when a new Sargent [sic] was assigned to my shift and began harassing me. I filed a previous charge with EEOC concerning him under the Americans With Disabilities Act. Since then, the Sargent [sic] has increased harassing me by changing my assignments, writing me up, yelling at me in front of detainees, and creating such a hostile atmosphere that I have experienced stress that exacerbates the symptoms of my disability.

II. I have complained internally but nothing has been done.

III. I believe that I have been retaliated against because of my disability and in retaliation for filing an earlier charge with the EEOC in violation of the Americans With Disabilities Act of 1990.

Baker filed her federal discrimination case within ninety days of the receipt of the right to sue letter associated with her second EEOC charge, but more than ninety days after the issuance of the right to sue letter from the first EEOC charge.

In her response to the defendant's motion for summary judgment, Baker asserted that by challenging her ability to bring snacks into the barbershop and by requiring her to take an early lunch, Cruz discriminated against her due to her disability. The court found that Baker failed to establish that she was the target of an adverse

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

employment action due to her diabetes as the allegedly wrongful actions taken due to her diabetes--interference with her snacks and her desired meal schedule--represent purported failures to accommodate Baker's needs as opposed to adverse employment actions taken due to her disability.

***2** The court then considered Baker's contention that the defendant failed to accommodate her need to eat at certain times to manage her blood sugar levels. The defendant argued that this claim was barred because Baker did not raise a failure to accommodate claim in her second EEOC charge. The court agreed with the defendant, holding that:

> A plaintiff is barred from raising a claim that was not included in her EEOC charge unless the assertion is "reasonably related" to one of the claims in that charge. *See, e.g.,* ***Green v. National Steel Corp.*, 197 F.3d 894, 898 (7th Cir.**1999). The Seventh Circuit has held that "**a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA.... Therefore, [these claims] are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability.**" ***Id.* at 898.** In order for Baker's failure to accommodate claim to be properly before the court, it would have to be reasonably related to her disability discrimination claim. Because the Seventh Circuit has specifically rejected this line of reasoning, the court must conclude that Baker's failure to accommodate claim is outside the scope of her second EEOC charge.

Baker seeks reconsideration of this ruling, arguing that: (1) the defendant waived his argument that her failure to accommodate claim was outside the scope of the second EEOC charge by raising it for the first time in his reply brief; (2) the facts and holding in ***Green*** are distinguishable and do not support the grant of summary judgment in favor of the defendant.

Counsel for the defendant concedes that he raised its scope of the charge argument for the first time in reply because his requests for a copy of the first EEOC charge were unavailing and he saw the charge for the first time when Baker included it as an attachment to her summary judgment response. In response, Baker's counsel contends that his records show that he produced the first charge well before the summary judgment motion was briefed. Counsel for the plaintiff and defendant, both of whom signed pleadings pursuant to Rule 11, have thus provided contradictory information regarding when the defendant received a copy of the first EEOC charge.

Given the obvious importance of the first EEOC charge, counsel for the defendant could have taken steps to force production of this document if he indeed believed he had not received it. On the other hand, counsel could have also reasonably believed that Baker was not going to rely on the first charge since he appears to have honestly believed that it was not produced. In future cases, the court encourages counsel for the defendant to proactively attempt to obtain clearly central documents like EEOC charges. However, because counsel for the defendant asserts that he never received a copy of the charge while counsel for Baker asserts that he produced the charge, the court will simply revisit the issues relating to the charge afresh now that Baker has had an opportunity to respond to the defendants' arguments.

***3** As noted above, in ***Green v. National Steel Corp.***, the Seventh Circuit held that "**a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA.... Therefore, [these claims] are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability.**" **197 F.3d at 898**. The only right to sue letter received within the ninety day period for filing a federal complaint stemmed from Baker's second EEOC charge, so her failure to accommodate claim is properly before the court only if it was raised in her second EEOC charge.

At the risk of being overly repetitive, the second EEOC charge stated that Baker had no problems until about March 2001, when Cruz was assigned to her shift and began harassing her, and that the harassment escalated after Baker filed her first EEOC charge. According to Baker, Cruz harassed her by changing her assignments, writing her up, yelling at her in front of detainees, and creating a hostile atmosphere that increased her stress levels and thus exacerbated the symptoms of her diabetes. Baker's charge then concluded that, "I believe that I have been retaliated against because of my disability and in retaliation for filing an earlier charge with the EEOC."

The court will read Baker's charge broadly. *See*

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1189593 (N.D.Ill.)
**(Cite as: 2005 WL 1189593 (N.D.Ill.))**

Page 3

*Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985) (directing courts to construe EEOC charges broadly "to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions"). Nevertheless, a broad reading of a charge is not a mandate to add allegations and claims which are simply not there. Here, the second charge complains about harassment such as yelling, changes to assignments, and unfair write-ups, and states that the stress from this work atmosphere caused Baker's diabetes to worsen. The charge does not allege that Cruz or anyone else at the jail failed to provide an accommodation for Baker needed due to her diabetes. Thus, even when the second charge is read broadly, it states a claim for retaliation flowing from the filing of the first EEOC charge, plus a claim of discrimination based on a disability, but does not state a claim based on failure to accommodate.

Baker nevertheless argues that her failure to accommodate claim is included in her claim of discrimination based on her disability. It is true that a plaintiff may proceed on claims not explicitly set forth in a charge of discrimination if those claims are like or reasonably related to the EEOC charge, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir.2002). According to the Seventh Circuit, however, a failure to accommodate claim is not like or reasonably related to a claim of discrimination based on a disability. *See id.; see also* *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir.2000) (rejecting plaintiff's argument that her claim of sexual harassment was within the scope of her EEOC charge because she checked "sex" as the basis of the discrimination against her, and sexual harassment is a type of discrimination based on sex); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500-01 (7th Cir.1994) (because an employer may discriminate on the basis of sex in numerous ways, a claim of one type of sex discrimination in an EEOC charge does not mean that a subsequent claim based on another type of sex discrimination is within the scope of the charge). Thus, Baker's bare claim of discrimination based on a disability is not enough to also state a claim for failure to accommodate that disability.

***4** The court also rejects Baker's argument that the second EEOC charge incorporated the allegations in the first charge, as the second charge refers to the first charge only insofar as it claims that the defendant retaliated against her because she filed the first charge. This is not enough to incorporate any allegations in the first charge. The court also notes that the first charge is not before the court as Baker did not file suit within 90 days of receiving the right to sue letter from that charge.

The fact that Baker raised her failure to accommodate claim in an internal complaint which predated her first EEOC complaint does not alter this conclusion. If the court accepted Baker's argument that any claim made in an internal complaint before an EEOC charge was filed is automatically included in the EEOC charge, regardless of what the EEOC charge actually says and when the prior claim was made, it would have to jettison the rules regarding the scope of an EEOC charge and ignore the applicable statute of limitations.

Baker also argues that this court may look outside the four corners of her EEOC charge because it would be equitable to do so. In support, she directs the court's attention to the Seventh Circuit's decision in *Novitsky v. American Consulting Engineers, L.L.C.*, 196 F.3d 699, 702 (7th Cir.1999). In that case, the Seventh Circuit held that a plaintiff who signs an EEOC charge prepared by an EEOC staffer is bound by the charge even if the staffer purportedly left out crucial information. Judge Rovner filed a concurring opinion stating that, "[c]ontrary to the opinion's implications, we do not now decide whether an illiterate person or pro se person who signs a charge prepared by the EEOC, which leaves out critical information provided by the claimant to the EEOC in the intake questionnaire, would be similarly bound by the charge.... A number of courts have recognized that equitable considerations may require a court to look outside the formal charge where the employee has done all that she can to present the claim to the EEOC, particularly where the failure to include the allegations results from EEOC negligence or misinformation." *Id.*

Relying on Judge Rovner's concurrence, Baker contends that she should not be penalized because the EEOC staffer did not include a failure to accommodate claim since she raised this claim in her first EEOC claim. This argument is unpersuasive. First and foremost, the EEOC has no obligation to automatically repeat claims from a prior charge when a plaintiff files a successive charge. To the contrary, if a plaintiff files an initial charge and than comes

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1189593 (N.D.Ill.)
**(Cite as: 2005 WL 1189593 (N.D.Ill.))**

Page 4

back to file an additional charge, it would be far more logical for the EEOC to assume that the matters raised in the prior charge had already been addressed if the plaintiff does not tell the EEOC otherwise.

Baker claims that she did tell the EEOC otherwise, speculating that, "it can hardly be expected that [she] would not have mentioned [Cruz's refusal to adjust her lunch schedule] to the EEOC investigator preparing her charge." Reply at 6. Baker has not, however, submitted her intake questionnaire or pointed to any admissible evidence showing what she told the EEOC staffer who helped her to prepare her complaint. In any event, even if she had submitted this type of evidence, it would not have helped her.

***5** In *Novitsky,* which Baker discusses at length, the plaintiff charged her employer with discharging her on the basis of age and religion and with allowing other employees to make anti-Semetic remarks in the workplace. 196 F.3d at 701. The Seventh Circuit held that the charge would not naturally lead to investigation of the plaintiff's claim that her employer improperly handled requests to take time off for religious reasons. *Id.* at 702. It also rejected the plaintiff's argument that the time-off claim was within the scope of the charge because it was included in her intake questionnaire, explaining that plaintiffs are free to draft and file charges on their own or hire a lawyer, and charges drafted by the EEOC's staff are only filed if complainants sign them and thus show their agreement with the EEOC staffer's summary of their claims. *Id.*

Here, Baker's request to expand the scope of her charge is based on her conjecture as to what she told the the EEOC. She thus is a level below the plaintiff in *Novitsky,* who was able to definitively establish that the EEOC staffer knew about additional claims that were not included in the charge. And of course, the fact that the plaintiff in *Novitsky* was able to point to specific evidence regarding claims she sought to raise (which Baker has not done) was, in the end, irrelevant as the *Novitsky* court limited the plaintiff to the claims raised in her EEOC charge. Thus, Baker's speculation regarding what she told the EEOC staffer does not allow her to raise claims which were not included in her EEOC charge.

*Conclusion*

For the reasons stated above, Baker's motion to reconsider [38-1] is denied.

Not Reported in F.Supp.2d, 2005 WL 1189593 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Davis v. Central Can Co.
N.D.Ill.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Alexander DAVIS, Plaintiff,
v.
CENTRAL CAN COMPANY, Defendant.
**No. 05 C 1563.**

Aug. 4, 2006.

Victoria Lyne Donati, Michael F. Hughes, Neal, Gerber & Eisenberg, Chicago, IL, for Plaintiff.
Jennifer Anne Naber, Laner, Muchin, Dombrow, Becker, Chicago, IL, for Defendant.

***MEMORANDUM OPINION AND ORDER***

ROBERT W. GETTLEMAN, District Judge.

***1** Plaintiff Alexander Davis filed a two-count Second Amended Complaint against defendant Central Can Company, his current employer, alleging disability discrimination and failure to accommodate, respectively, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Defendant has moved to dismiss on both counts, arguing that plaintiff is not a qualified individual with a disability as defined by the ADA. For the reasons set forth below, the motion is denied as to Count I and granted as to Count II.

*FACTS*

On or about December 17, 1993, plaintiff began his employment as a security guard at defendant's facility (the "Facility"). Plaintiff's employment duties included patrolling the grounds of the Facility from 5:00 a.m. until 8:15 a.m. and manning the guard booth at the Facility from 8:30 a.m. until 4:00 p.m. Plaintiff also occasionally assisted with other tasks during his early morning patrol hours. At the time plaintiff's employment commenced, and for approximately ten years following, plaintiff worked a fulltime schedule and received fulltime benefits.

On or about July 23, 2003, plaintiff was injured at work. As a result, plaintiff's doctor issued work restrictions under which he could not lift, push or pull more than 10 pounds with his right arm and he could not perform any above the shoulder work. Plaintiff provided defendant with a note from his doctor describing his physical limitations and work restrictions. Those restrictions remained in place for a period of several months. This injury, however, did not restrict plaintiff from patrolling the Facility or manning defendant's guard booth or otherwise performing his job as a security guard.

After plaintiff's injury, defendant changed plaintiff's work schedule from approximately 5:00 a.m. until 4:00 p.m., to 8:30 a.m. until 3:30 p.m., reducing plaintiff's work hours from eleven hours to seven hours per day. As a result of this shortened schedule, plaintiff was no longer considered a fulltime employee and thus no longer entitled to certain benefits. Specifically, plaintiff was told that he would no longer receive vacation, holiday pay, jury duty pay, funeral leave, and would no longer be able to participate in the Attendance Recognition Program. Since the time plaintiff's benefits were cut, he has made repeated requests to return to a fulltime schedule.

Plaintiff filed a Charge of Discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC") on October 24, 2003, alleging harassment and a "reduction in hours because of [plaintiff's] physical handicap."Plaintiff filed an amended charge on February 18, 2004, adding two charges of retaliation.

*DISCUSSION*

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim."*Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999). When ruling on a motion to dismiss, the court must accept

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.,* 246 F.3d 1065, 1067 (7th Cir.2001). The court must construe the pleadings liberally, and mere vagueness or lack of detail alone will not constitute sufficient grounds to dismiss a complaint. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985). A claim should be dismissed only where it appears beyond a doubt that plaintiff can prove no set of facts that would entitle her to relief. *Homeyer v. Stanley Tulchin Associates, Inc.,* 91 F.3d 959, 960 (7th Cir.1996).

***2** To invoke protection under the ADA, plaintiff must establish that he suffered from a disability as defined in the Act. *Skorup v. Modern Door Corp.,* 153 F.3d 512, 514 (7th Cir.1998). The ADA defines disability as: (a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (b) a record of such impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2). "Substantially limits" means that the individual is either "unable to perform a major life activity that the average person in the general population can perform" or is "significantly restricted" as to the condition, manner, or duration under which the individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1); *Sutton v. United Airlines, Inc.,* 527 U.S. 471, 480 (1999). In *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams,* 534 U.S. 184, 200-201 (2002), the Supreme Court explained that "major life activities" are those "that are of central importance to most people's daily lives," rather than those associated with a particular job. EEOC regulations interpreting the Act define major life activities to include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."29 C.F.R. § 1630.2(I).

*Count I*

Count I alleges that plaintiff has a disability covered by the ADA due to the physical limitations caused by his July 2003 injury or, alternatively, that he is covered by the ADA because defendant regarded him as having a disability. As stated above, on a motion to dismiss the court must accept all factual allegations in a plaintiff's complaint as true and draw all reasonable inferences in his favor. *Szumny,* 246 F.3d at 1067. Thus, a dispute as to whether plaintiff has a disability, an allegation he states in his complaint, is a question of fact that cannot be adjudicated on a motion to dismiss.*Homeyer,* 91 F.3d at 962. As argued by defendant, however, a plaintiff who files a complaint may plead himself out of court by including factual allegations that show that his legal rights have not been invaded. *American Nurses' Ass'n v. State of Ill.,* 783 F.2d. 716, 724 (7th Cir.1986). Defendant argues that plaintiff has pled himself out of court by alleging that he continues to fully perform the essential job functions of his employment [FN1] while at the same time alleging that he is disabled in the major life activity of working.

FN1. To be a "qualified individual with a disability," the ADA requires not only that an employee be an individual with a disability, but also an individual who "with or without reasonable accommodation, can perform the essential functions of the employment condition that such individual holds or desires."42 U.S.C. § 12111(8).*Duda v. Board of Ed. Of Franklin Park Public School Dist. No. 84,* 133 F.3d 1054, 1058 (7th Cir.1998).

Defendant incorrectly concludes that plaintiff has pled himself out of court. Specifically, defendant errs in its argument that the complaint alleges (or should be interpreted as alleging) that plaintiff is disabled in the major life activity of working. To support its theory, defendant emphasizes that plaintiff's complaint describes the "physical limitations and work restrictions" resulting from his July 2003 injury and construes the complaint's description of work restrictions as alleging that plaintiff is disabled in the major life activity of working. Plaintiff has made no such claim. The complaint alleges only that plaintiff has a disability solely by virtue of the *physical* limitations caused by his July 2003 injury. In fact, plaintiff has not identified any major life activity that is substantially restricted by his alleged condition and is not required to do so in the initial pleading stage.*McKay v. Town and Country Cadillac, Inc.,* 991 F.Supp. 966, 970 (N.D.Ill.1997); *see Duda v. Bd. of Ed. of Franklin Park Pub. School Dist. No. 84,* 133 F.3d 1054, 1059 (7th Cir.1998) (holding that plaintiff's complaint was sufficient to plead a "disability" even though it does not specify which major life activities were substantially limited);

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2255895 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**
Page 3

*EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 854 (6th Cir.2001) (plaintiff does not have to identify in the initial pleading the major life activity that he is substantially limited from performing); *see EEOC v. Browning Ferris, Inc.,* No. 99-2413, 2000 WL 1039469 (4th Cir. Jul. 28, 2000) (unpublished) (noting that notice pleading requirements does not require a plaintiff to plead particulars); *Menkowitz v. Pottstown Mem'l Med. Ctr.,* 154 F.3d 113, 117 n. 2 (3d Cir.1998). So long as the pleadings give a defendant notice of the claims being made, a plaintiff does not even have to specifically plead that he has a substantial limitation. *McKay,* 991 F.Supp. at 970;*see Jackson v. Marion County,* 66 F.3d 151 (7th Cir.1995) (noting that notice pleading is sufficient). It is sufficient for purposes of the liberal pleading requirements that plaintiff has alleged that he has a disability and was discriminated against on the basis of that disability. *McKay,* 991 F.Supp. at 970.

***3** Defendant also argues that plaintiff has defeated his disability claim by alleging that his work restrictions had been lifted. Defendant's attempt to equate a lack of work restrictions with lack of a disability, however, is incorrect.[FN2] The fact that plaintiff's work restrictions have been lifted does not establish that plaintiff's alleged disability has ceased.*Toyota Motor Mfg. Ky.,* 534 U.S. at 201 (holding that an individual may be covered by the ADA even though her impairment does not restrict job-related tasks).

FN2. This argument is also inconsistent with defendant's own Reply Memorandum, which concedes that there are many situations in which an individual has no work restrictions whatever and is still a person with a disability covered by the ADA.

With regard to plaintiff's alternative argument that he was "regarded as" disabled by defendant, defendant again contends that plaintiff has pled himself out of court. A plaintiff may establish that he is "disabled" within the meaning of the ADA, even if he has no actual disability, so long as he can show that either: (1) the employer mistakenly believed that he had a physical impairment that substantially limits one or more major life activities; or (2) the employer believed that an actual non-limiting impairment substantially limits one or more life activities. 42 U.S.C. § 12102(2); *Sutton,* 527 U.S. at 489-90. Defendant argues that because it continues to employ defendant even after his July 2003 injury, it could not have regarded him as substantially limited in a major life activity. Again, defendant mistakenly bases its argument on the assumption that plaintiff has alleged that he is substantially limited in the major life activity of working. As stated, plaintiff has made no such allegation.[FN3] Further, defendant's argument wrongly implies that an employer cannot believe (or mistakenly believe) an employee is substantially limited in a major life activity unless the employer terminates the employee. Contrary to defendant's argument, an employer may engage in other acts short of termination that may indicate adverse employment action, such as " 'a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.' " *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 612-13 (7th Cir.2001) (quoting *Crady v. Liberty Nat'l Bank and Trust Co.,* 993 F.2d 132, 136 (7th Cir.1993)).

FN3. To constitute a substantial limitation on a person's ability to work, the limitation must be one that affects his or her ability to perform a class or broad range of jobs in various classes. *Kupstas v. City of Greenwood,* 398 F.3d 609, 612 (7th Cir.2005). Defendant erroneously argues that because plaintiff has alleged his capability to perform the essential functions of his job as a security guard satisfactorily, plaintiff has pled that he is not limited in performing a class or broad range of jobs that would establish a substantial limitation on his ability to work.

In short, plaintiff has not pled himself out of court by virtue of facts alleged in the complaint. The court simply cannot conclude that there are no set of facts under which plaintiff could prove that he has a disability, actual or perceived, that make him a qualified individual under the ADA. Where, as here, there is a material factual dispute as to a plaintiff's disability, a motion to dismiss is an inappropriate vehicle for such a determination.*Covington v. Ill. Sec. Service, Inc.,* 269 F.3d 863, 865 (7th Cir.2001). For the foregoing reasons, defendant's motion to dismiss Count I is denied.

*Count II*

Count II alleges that defendant failed to **accommodate** plaintiff's alleged disability in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2255895 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

violation of the ADA. Defendant argues that the count should be dismissed because plaintiff never raised the claim in the EEOC **Charge** of **Discrimination** ("**Charge**") and is thus beyond its **scope**.

*4 Plaintiff's response relies on his contention that the Charge cannot be considered by the court because it is "extraneous to the complaint." This argument is without merit. Although the general rule is that matters outside the pleadings included in a Rule 12(b)(6) motion must be ignored or the motion must be converted into one for summary judgment, there is a long line of cases within the Seventh Circuit that hold that an EEOC charge attached to a motion to dismiss may be considered as part of the pleadings if it is referenced in the complaint and is central to the plaintiff's claims .[FN4] *Shannon v. Hotel Employees and Rest. Employees Int'l Union and Hotel Employees and Rest. Employees Local 1,* No. 01 C 9711, 2003 WL 1338457, at *1 n1 (N.D.Ill. March 18, 2003) (" 'A Rule 12(b)(6) motion typically focuses on the four-corners of the complaint to determine whether the complaint states a cause of action. To determine the proper scope of [the plaintiff's] Title VII complaint, however, the court must consider the accusations made in the EEOC charge' " (quoting *Whitehead v. AM Int'l, Inc.,* 860 F.Supp. 1280, 1286 (N.D.Ill.1994))); *see also Martinez v. Universal Laminating, Ltd.,* No. 02 C 4410, 2002 WL 31557621, at *1 (N.D.Ill. Nov. 18, 2002) ("[T]he court may take judicial notice of matters of public record, including records of administrative bodies, without converting a 12(b)(6) motion into a motion for summary judgment."). In the instant case, the Charge is referred to in the complaint. Further, a plaintiff cannot bring claims under Title VII that are not included in his or her EEOC charge. *Burke v. Ethyl Petroleum Additives, Inc.,* 359 F.Supp.2d 726, 729 (S.D.Ill.2005) (citing *Harper v. Godfrey Co.,* 45 F.3d 143, 147-48 (7th Cir.1995)). Thus, the limits of plaintiff's claims are defined by the Charge, making the Charge central to his complaint. Accordingly, the court may consider the Charge in its analysis [FN5]

FN4. Plaintiff cites *Frazier v. Harris,* 266 F.Supp.2d 853, 874-75 (C.D.Ill.2003), to support the proposition that the court cannot go beyond the face of a complaint and look to an EEOC charge in deciding a motion to dismiss. However, as noted by defendant, the court in *Frazier* held only that a plaintiff is not required to attach a charge of discrimination to his complaint. The case is devoid of any discussion as to whether the defendant attached the charge to its motion to dismiss or, if defendant had, whether the court would have considered it. At any rate, plaintiff's argument contradicts Seventh Circuit precedent.

FN5. Further, plaintiff's reliance on *Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105 (7th Cir.1984), is misplaced. Plaintiff quotes *Stearns'* holding that "the district court erred in requiring anything more than a general allegation that all conditions precedent had been fulfilled."In other words, plaintiff argues that as long as his complaint generally alleges that all conditions precedent have been fulfilled (i.e. that plaintiff adequately filed his Charge with the EEOC), the complaint is sufficient. However, plaintiff's argument is deficient because the issue in *Stearns* was whether the plaintiff adequately went through the administrative procedures for filing her EEOC charge. In the instant case, the court is not adjudicating whether plaintiff adequately filed his Charge, but whether plaintiff has adequately *pled* his allegations in the Charge.

A plaintiff generally cannot bring claims under Title VII that are not included in his or her EEOC charge. *Burke,* 359 F.Supp.2d at 729 (citing *Harper,* 45 F.3d at 147-48). The Seventh Circuit, however, allows claims not explicitly alleged in the Charge to fall within its scope if those claims are like or reasonably related to the allegations of the Charge and grow out of such allegations. *Id.* To determine whether the allegations in the complaint fall within the scope of the Charge, courts consider whether there is a factual relationship between them. *Mudgett v. Centegra Health System, Inc.,* No. 04 C 6212, 2006 WL 1806390 (N.D. Ill. June 27, 2006) (citing *Kersting v. Wal-Mart Stores, Inc.,* 250 F.3d 1109, 1118 (7th Cir.2001)). At a minimum, the EEOC charge and the complaint must describe the same conduct and implicate the same individuals. *Id.*

Neither plaintiff's original nor amended Charge includes a claim of failure to **accommodate** his alleged disability, and nothing in the Charge is like or reasonably related to a failure to **accommodate**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.