IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW C. CHARLES,<br><br>        Plaintiff,<br><br>v.<br><br>RUSH NORTH SHORE MEDICAL CENTER,<br><br>        Defendant. | No. 07 C 6578<br><br>Judge Gettleman<br><br>Magistrate Judge Denlow |

## ANSWER

Defendant, RUSH NORTH SHORE MEDICAL CENTER ("Rush"), by its attorneys, in response to the Complaint, states as follows:

## JURISDICTION

**COMPLAINT 1:** This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §12101 *et seq.* and The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq.* Jurisdiction of this Court is based upon a federal question derived under 28 U.S.C. §1331 and 42 U.S.C. §2601. The jurisdiction of this Court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §12101 *et seq.*, providing for declaratory, injunctive and other relief against employment discrimination.

**ANSWER:** Rush admits, but denies that it violated the ADA or the FMLA or that Plaintiff is entitled to any relief.

**COMPLAINT 2:** Venue in this district is proper under 28 U.S.C. § 1391 (b). The Defendant resides or resided in this district, and the events giving rise to Plaintiff's claims occurred here.

**ANSWER:** Rush admits. .

**COMPLAINT 3:** All conditions precedent to jurisdiction have occurred or been complied with:

    (a)    A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") by Plaintiff, Matthew C. Charles, against Defendant, Rush North Shore Medical Center

("RUSH") on September 27, 2006: EEOC No. 440-2006-09973, a copy of which is attached hereto as Exhibit 1.

(b) The EEOC issued a Notice of Right to Sue on August 31, 2007, a copy of which is attached hereto as Exhibit 2.

**ANSWER:** Rush admits that Plaintiff filed Charge No. 440-2006-09973 with the EEOC on or about September 27, 2006 and that the EEOC issued a Notice of Right to Sue in connection with Charge No. 440-2006-09973 on or about August 31, 2007, but denies the other allegations.

## PARTIES

**COMPLAINT 4:** MATTHEW C. CHARLES ("CHARLES") is a citizen of the United States and the State of Illinois. He resides in Chicago, Illinois.

**ANSWER:** On information and belief, Rush admits.

**COMPLAINT 5:** At all times during his employment with RUSH, CHARLES suffered from a developmental disability and has received social security disability benefits. CHARLES is within the protected class, as defined by the ADA, 42 U.S.C. 12111 (8).

**ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 6:** RUSH is located in Cook County, and it is an employer within the meaning of 42 U.S.C. §12115 (A).

**ANSWER:** Rush admits.

## BACKGROUND FACTS

**COMPLAINT 6:** CHARLES was hired by RUSH on or about December 20, 1999.

**ANSWER:** Rush admits.

**COMPLAINT 7:** Prior to his termination, CHARLES was employed by RUSH as a Food Service Worker.

**ANSWER:** Rush admits.

**COMPLAINT 8:** At all times pertinent to this action, CHARLES was employed in a part-time capacity.

**ANSWER:** Rush admits.

**COMPLAINT 9:** At the time he was hired and at all times pertinent hereto, CHARLES suffered from a developmental disability. As a result of this disability and by virtue of the fact that CHARLES receives social security benefits, CHARLES is able to be employed only on a part-time basis.

**ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 10:** At all times pertinent hereto, RUSH was aware that CHARLES suffered from a developmental disability, that CHARLES was on social security disability as a result of this disability, and that CHARLES could work only part-time hours.

**ANSWER:** Rush admits that it was aware that Plaintiff had special needs but denies the other allegations in Paragraph 10.

**COMPLAINT 11:** At all times pertinent hereto, CHARLES performed to the legitimate expectations of RUSH.

**ANSWER:** Rush denies.

**COMPLAINT 12:** Starting in or around 2003, when a new Director was hired for the department in which CHARLES was employed at RUSH, CHARLES began being subjected to less favorable treatment than his non-disabled co-workers. In particular, CHARLES was assigned heavier workloads, monitored more closely, required to work longer hours, and assigned to work alone on jobs that required more than one worker.

**ANSWER:** Rush denies.

**COMPLAINT 13:** CHARLES complained repeatedly about the foregoing unfavorable treatment.

**ANSWER:** Rush denies.

**COMPLAINT 14:** On or about December 25, 2005, CHARLES sustained an injury to his knee while at work when he slipped on some spilled liquid. Despite the injury, CHARLES completed his shift on December 25, 2005.

**ANSWER:** Rush admits that on or about December 25, 2005, Plaintiff claimed he suffered an injury to his knee and worked a full shift that day. Rush denies the other allegations.

**COMPLAINT 15:** CHARLES reported to work on December 26, 2005, and advised his supervisor, Vivian Davison, of his injury.

**ANSWER:** Rush admits.

CHICAGO/#1720602.5

**COMPLAINT 16:** With Ms. Davison's permission, CHARLES sought treatment for his injury at RUSH's Emergency Department on December 26, 2005. CHARLES was given crutches and a knee-brace and was advised that he should not work and should follow-up with an orthopaedic physician.

**ANSWER:** Rush admits that, with Davison's permission, Plaintiff sought treatment for his injury at Rush's Emergency Department on December 26, 2005 and that Plaintiff was given crutches and a brace. Rush is without knowledge or information sufficient to form a belief as to the truth of the other allegations.

**COMPLAINT 17:** Immediately following his treatment at the Emergency Department, CHARLES advised Ms. Davison of the work restriction and provided Ms. Davison with copies of the paperwork provided by the Emergency Department.

**ANSWER:** Rush denies that Plaintiff provided Davison with paperwork but admits the other allegations.

**COMPLAINT 18:** CHARLES was off of work on December 27, 2005, and commenced a preplanned vacation on December 28, 2005, through January 20, 2006.

**ANSWER:** Rush admits.

**COMPLAINT 19:** CHARLES was subsequently diagnosed as having a right knee medial meniscus tear, which required corrective arthroscopic surgery.

**ANSWER:** Rush admits.

**COMPLAINT 20:** While on vacation between December 28, 2005 through January 20, 2006, CHARLES made numerous attempts to contact personnel at RUSH to advise them of his injury and status and his need to be off work until after his surgery.

**ANSWER:** Rush admits that on or about January 12, 2006, Plaintiff advised supervisor Fred Clark of his injury. Rush denies the other allegations.

**COMPLAINT 21:** A letter detailing this diagnosis and advising that CHARLES was scheduled for surgery on March 21, 2006, was tendered to RUSH on January 27, 2006, by the Nurse Specialist for CHARLES' orthopaedic surgeon, Dr. Steven Levin.

**ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 22:** On January 27, 2006, CHARLES specifically advised Fred Clark, a supervisor, that he was injured, required surgery and could not return to work, at which time CHARLES was verbally advised that he would need to complete FMLA paperwork.

 **ANSWER:** Rush admits.

**COMPLAINT 23:** CHARLES was not provided with any FMLA paperwork to complete at this time or at any time following January 27, 2006.

 **ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 24:** In February and March of 2006, CHARLES, and others on his behalf, made numerous attempts to contact personnel at RUSH, including CHARLES' supervisors and the human resources department, to keep RUSH advised of CHARLES' condition and to follow-up on the request for FMLA paperwork.

 **ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 25:** Representatives of RUSH failed to respond to CHARLES' numerous inquiries and failed to provide CHARLES with the required FMLA paperwork to complete.

 **ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 26:** On February 28, 2006, CHARLES, with the assistance of Carolyn Baird, a counselor treating CHARLES, called Mr. Clark to inquire about the status of CHARLES' employment. Clark referred CHARLES and Ms. Baird to the human resources department at RUSH, for whom a message was left.

 **ANSWER:** Rush denies.

**COMPLAINT 27:** On March 1, 2006, Ms. Baird was informed by the human resources department at RUSH that CHARLES was still employed. The individual with whom Ms. Baird spoke, however, was unable to answer any questions about the status of CHARLES' FMLA leave.

 **ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 28:** Ms. Baird left a number of messages in the following days in an attempt to obtain information about CHARLES' job status and the status of FMLA leave.

**ANSWER:**  Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 29:** CHARLES and Ms. Baird traveled to RUSH on March 7, 2006, and met with Bruce Becker in the human resources department to discuss the status of CHARLES' health, FMLA leave, and job.  Mr. Becker was unable to provide any information regarding whether CHARLES had been granted FMLA leave or whether CHARLES still had a job at RUSH.

**ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 30:** Mr. Becker failed to follow up on the matter, despite his promises to do so.

**ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 31:** Upon information and belief and unbeknownst to CHARLES, RUSH terminated CHARLES' employment effective February 13, 2006.

**ANSWER:** Rush admits that it terminated Plaintiff's employment effective February 13, 2006.  Rush is without knowledge or information sufficient to form a belief as to the truth of the other allegations.

**COMPLAINT 32:** CHARLES had knee surgery on March 10, 2006.

**ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 33:** CHARLES was released to return to work on March 29, 2006.

**ANSWER:** Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT 34:** Despite being released to return to work on March 29, 2006, CHARLES was not permitted to return to work on March 29 and has not been permitted to return to work at RUSH.

**ANSWER:** Rush incorporates its response to Paragraph 33 and admits that Charles was not returned to work.

**COMPLAINT 35:** Upon information and belief, on or about May 9, 2006, all Food Service Workers at RUSH were converted to Catering Associates effective April 11, 2006.

**ANSWER:** Rush admits.

**COMPLAINT 36:** Upon information and belief, Catering Associates perform substantially the same duties previously performed by Food Service Workers.

**ANSWER:** Rush denies.

**COMPLAINT 37:** CHARLES, who was performing to the legitimate expectations of RUSH prior to his termination, is qualified to perform the duties and tasks performed by Catering Associates at RUSH.

**ANSWER:** Rush denies.

**COMPLAINT 38:** Unlike the Food Service Worker position, the Catering Associate position is purportedly a full-time only position.

**ANSWER:** Rush admits.

**COMPLAINT 39:** RUSH refused and continues to refuse to accommodate CHARLES by providing him with a part-time position as a Catering Associate.

**ANSWER:** Rush admits that it has not re-employed Plaintiff in a part-time position as a Catering Associate. Rush denies the other allegations and states that Plaintiff's claim of failure to accommodate has been dismissed.

## COUNT I

### AMERICANS WITH DISABILITIES ACT
### DISABILITY DISCRIMINATION

**COMPLAINT ¶ 40:** Plaintiff repeats and re-alleges and incorporates herein as part of Count I, Paragraph Nos. 1-39 of this Complaint, as though fully stated herein.

**ANSWER:** Rush repeats and re-alleges and incorporates herein its answers to Paragraphs Nos. 1-39 of this Complaint in answer to this Paragraph.

**COMPLAINT ¶ 41:** Plaintiff is a qualified individual with a disability.

**ANSWER:**  Rush is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**COMPLAINT ¶ 42:**  At all times pertinent, Plaintiff could perform all of his essential job duties.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 43:**  The allegations more particularly described in Paragraphs 1 through 39 of this Complaint, constituted intentional discrimination against Plaintiff on the basis of his disability, with malice or with reckless indifference to the federally protected rights of Plaintiff, in violation of the Americans with Disabilities Act of 1990, 42 USC § 12101, et seq., as amended most recently by the Civil Rights Act of 1991, 42 USC § 2000, et seq.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 44:**  Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 45:**  Plaintiff demands a trial by jury.

**ANSWER:**  Rush admits.

## ADDITIONAL DEFENSES TO COUNT I

1. Any alleged adverse employment action which Plaintiff knew or should have known prior to December 1, 2005 was not the subject of a timely administrative charge and cannot be the subject of a claim.

2. Plaintiff is not entitled to punitive damages because Defendant has undertaken good faith efforts to implement a non-discrimination policy.

      3.      Plaintiff is not entitled to punitive damages because no manager of Defendant acted with malice or reckless indifference to Plaintiff's rights.

      4.      Plaintiff's claim for damages against Defendant is barred in whole or part to the extent Plaintiff has failed to mitigate his alleged damages.

## COUNT II

### AMERICANS WITH DISABILITIES ACT
### FAILURE TO ACCOMMODATE

By Order dated March 6, 2008, Count II has been dismissed.

## COUNT III

### AMERICANS WITH DISABILITIES ACT
### RETALIATION

**COMPLAINT ¶ 40:** Plaintiff repeats and re-alleges and Incorporates herein as part of Count III, Paragraph Nos. 1-39 of this Complaint, as though fully stated herein.

    **ANSWER:** Rush repeats and re-alleges and incorporates herein its answers above to Paragraphs Nos. 1-39 of this Complaint in answer to this Paragraph.

**COMPLAINT ¶ 41:** Plaintiff opposed an act or practice that he believed to be unlawful disability discrimination in employment.

    **ANSWER:** Rush admits that Plaintiff opposed an act he alleged to be unlawful by filing EEOC Charge No. 440-2006-09973 on or about September 27, 2006, but Rush denies all other allegations.

**COMPLAINT ¶ 42:** Plaintiff engaged in a protected activity.

    **ANSWER:** Rush admits that Plaintiff's filing of EEOC Charge No. 440-2006-09973 on or about September 27, 2006 constituted protected activity, but Rush denies all other allegations.

**COMPLAINT ¶ 43:** Plaintiff suffered a materially adverse employment action.

**ANSWER:**  Rush admits that Plaintiff's termination on February 13, 2006 was a materially adverse employment action, but denies all other allegations.

**COMPLAINT ¶ 44:**  There is a causal link between Plaintiff's engagement in a protected activity and his termination.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 45:**  Defendant violated the ADA when it retaliated against Plaintiff for opposing what he believed to be disability discrimination in employment.  42 U.S.C. § 12203.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 46:**  Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 47:** Plaintiff demands a trial by jury.

**ANSWER:**  Rush admits.

## ADDITIONAL DEFENSES TO COUNT III

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Any alleged adverse employment action which Plaintiff knew or should have known prior to December 1, 2005 was not the subject of a timely administrative charge and cannot be the subject of a claim.

3. Plaintiff's claim for damages against Defendant is barred in whole or part to the extent it is not like or related to the allegations of her charge of discrimination.

4.      Plaintiff is not entitled to punitive damages because Defendant has undertaken good faith efforts to implement a non-discrimination policy.

5.      Plaintiff is not entitled to punitive damages because no manager of Defendant acted with malice or reckless indifference to Plaintiff's rights.

6.      Plaintiff's claim for damages against Defendant is barred in whole or part to the extent Plaintiff has failed to mitigate her alleged damages.

## COUNT IV

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

**COMPLAINT ¶ 40: :**   Plaintiff repeats and re-alleges and incorporates herein as part of Count III, Paragraph Nos. 1-39 of this Complaint, as though fully stated herein.

**ANSWER:** Rush repeats and re-alleges and incorporates herein its answers to Paragraphs Nos. 1-39 of this Complaint in answer to this Paragraph.

**COMPLAINT ¶ 41:** An employer is prohibited from interfering with an employee's exercise of his rights afforded by the provisions of the FMLA. 29 U.S.C. §2615(a)(1).

**ANSWER:** Rush admits, but denies that Plaintiff is an eligible employee under the FMLA.

**COMPLAINT ¶ 42:** Such rights include the guarantee that an employee may return to the position he held before going on FMLA leave, or to a position with equivalent employment benefits, pay, and other terms and conditions of employment. 29 U.S.C. §2614(a).

**ANSWER:** Rush admits but denies that Plaintiff is an eligible employee under the FMLA.

**COMPLAINT ¶ 43:** Plaintiff provided sufficient notice to put RUSH on notice of his injury, the need for FMLA-qualifying leave, and the expected timing and duration of the leave.

- 11 -

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 44:** To the extent that Defendant required or desired additional information or documentation in connection with Plaintiff's FMLA-qualifying leave, Defendant failed to respond to Plaintiff's inquiries and requests and, thus, failed to cooperate with Plaintiff in order to obtain the necessary information and documentation.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 45:** Plaintiff was released to return to work on March 29, 2006, but has been denied reinstatement.

**ANSWER:**  Rush admits that it terminated Plaintiff's employment effective February 13, 2006.  Rush is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**COMPLAINT ¶ 46:** By terminating Plaintiff and refusing to reinstate Plaintiff following his FMLA qualifying leave, RUSH violated 29 U.S.C. § 2601 et seq.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 47:**  Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

**ANSWER:**  Rush denies.

**COMPLAINT ¶ 48:**  Plaintiff demands a trial by jury.

**ANSWER:**  Rush admits.

### ADDITIONAL DEFENSES TO COUNT IV

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claim for damages against Defendant is barred in whole or part to the extent Plaintiff has failed to mitigate her alleged damages.

- 13 -

WHEREFORE, Defendant, Rush North Shore Medical Center, requests that the Complaint be dismissed and that Defendant be awarded its costs and such other relief as is just and proper.

RUSH NORTH SHORE MEDICAL CENTER

By: <u>s/ Christopher L. Nybo</u>
        One of Its Attorneys

Bruce R. Alper, Bar No. 03122801
Christopher L. Nybo, Bar No. 06278147
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500

Dated: March 13, 2008

**CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing ANSWER to be served upon:

Donald S. Rothschild
Sara Louise Spitler
Goldstine, Skrodzki, Russian, Nemec & Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, Illinois  60527

by electronic means on March 13, 2008.


s/ Christopher L. Nybo

Christopher L. Nybo