IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW C. CHARLES,<br><br>   Plaintiff,<br><br>v.<br><br>RUSH NORTH SHORE MEDICAL CENTER,<br><br>   Defendant. | No. 07 C 6578<br><br>Judge Gettleman<br><br>Magistrate Judge Denlow |

## JOINT STATUS REPORT

Plaintiff, MATTHEW C. CHARLES ("Plaintiff") and Defendant, RUSH NORTH SHORE MEDICAL CENTER ("Defendant"), by their attorneys, hereby submit this Joint Status Report pursuant to the Court's January 29, 2008 Order.

  **A. The date and time this matter is set for a status report before the Court.**

April 24, 2008 at 9:00 a.m.

  **B. The attorneys of record for each party, indicating which attorney is expected to try the case.**

Donald S. Rothschild (lead trial counsel) and Sara Louise Spitler of Goldstine, Skrodzki, Russian, Nemec & Hoff, Ltd., for Plaintiff.

Bruce R. Alper (lead trial counsel) and Christopher L. Nybo of Vedder Price, P.C., for Defendant.

  **C. The basis of federal jurisdiction.**

Plaintiff claims violations of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §12101 *et seq.,* and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq*. As such, this Court has jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §2601.

  **D. Whether a jury has been requested and by which party.**

Plaintiff has requested a jury trial.

**E.     The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case, along with a description of any affirmative defenses.**

Plaintiff, who claims to be developmentally disabled, was employed by Defendant as a part-time Food Service Worker from December of 1999 until his discharge in or around February of 2006. Plaintiff alleges in his Complaint that he was treated differently than other non-disabled employees. Plaintiff alleges that in late December of 2005, he suffered an on-the-job injury to his knee which ultimately required surgery. Plaintiff alleges that as a result of his injury and resulting surgery, he was unable to work for the period between January 21, 2006 through March 29, 2006 and, thus, qualified for leave under the FMLA. Plaintiff alleges he was released to return to work on March 29, 2006, but was not permitted to return to his position as Food Service Worker. Plaintiff alleges that, unbeknownst to Plaintiff, his employment had been terminated by Defendant in February of 2006. Finally, Plaintiff asserts that Defendant retaliated against him.

Defendant denies that it discriminated or retaliated against Plaintiff, that Plaintiff was eligible for FMLA leave or that Defendant otherwise violated the FMLA. Defendant additionally asserts as its defenses that it terminated Plaintiff for consecutive multi-day "no call no show" absences; that any claims arising more than 300 days before Plaintiff filed his charge with the EEOC are time-barred; that Defendant has undertaken good faith efforts to implement a non-discrimination policy; that no manager of Defendant acted with malice or reckless indifference to Plaintiff's rights; and that Plaintiff has failed to mitigate his damages. No counterclaim has been asserted.

**F.     The relief sought by any party, including computation of damages, if available.**

Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages, punitive damages, costs and attorneys' fees. Specifically, Plaintiff seeks a declaration that Defendant's actions were unlawful and violated the ADA and the FMLA and an injunction precluding Defendant from further engaging in such unlawful actions and practices. Plaintiff further seeks to be reinstated to the position he would be occupying but for Defendant's complained-of actions and to be compensated for all earnings and wages he would have received but for Defendant's complained-of actions.

> G. **The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.**

All parties have been served.

> H. **The principal legal issues (including the citation to any key legal authority related to such issue).**

With respect to his claim of unlawful discrimination and/or retaliation in violation of the ADA, whether Plaintiff has established by a preponderance of the evidence his *prima facie* case; whether Defendant has presented evidence of a noninvidious reason for its actions taken with respect to Plaintiff; and whether Plaintiff can establish by a preponderance of the evidence that Defendant's stated reasons are pretextual;

Whether Plaintiff has established by a preponderance of the evidence that Defendant interfered with Plaintiff's exercise of his rights afforded by the FMLA in violation of the FMLA;

Whether Plaintiff has established by a preponderance of the evidence that Defendant terminated his employment in violation of the FMLA;

Whether Plaintiff is entitled to any damages; and

Whether Plaintiff has adequately mitigated any damages to which he may be entitled.

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Hilt-Dyson v. City of Chicago, 282 F.3d 456, 465 (7th Cir. 2002); Stone v. City of Indianapolis Pub. Utils. Div., 281 F.3d 640, 644 (7th Cir. 2002); Basith v. Cook County, 241 F.3d 919, 932 (7th Cir. 2001) .

> I. **The principal factual issues, including the parties' respective positions on those issues.**

Whether Defendant discriminated against Plaintiff because of his alleged disability.

Whether Defendant retaliated against Plaintiff for opposing alleged discrimination.

Whether Defendant interfered with Plaintiff's exercise of his FMLA rights.

Whether Defendant terminated Plaintiff's employment in violation of the FMLA.

Whether Plaintiff mitigated his damages.

Whether Defendant's actions were taken in good faith and for legitimate business reasons.

Whether Defendant acted at all times with good faith efforts to comply with all laws prohibiting discrimination and retaliation.

Whether any manager of Defendant acted with malice or reckless disregard as to Plaintiff's rights.

**J.    A brief description of all anticipated motions.**

Defendant anticipates filing a motion for summary judgment following the close of discovery.

**K.    A proposed discovery plan pursuant to F.R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.**

Defendant served Plaintiff on April 4, 2008 with its Fed. R. Civ. P. 26(a)(1) Disclosures and on April 7, 2007 with its First Set of Interrogatories and First Request for Documents. Plaintiff intends to serve its Fed. R. Civ. P. 26(a)(1) Disclosures at or before the status hearing on April 24, 2008.  Defendant expects that it will need one or two depositions.  Plaintiff expects that he will need approximately two to four depositions.  Neither party anticipates the use of experts. The parties propose that fact discovery be completed by July 15, 2008.

**L.    The earliest date the parties would be ready for trial and the probable length of trial.**

The case would be ready to try following briefing on a summary judgment motion, and, if the motion is denied, ruling and submission of a pretrial order.  Should a trial be required, it probably would take three to four days.

**M.    The status of any settlement discussions and whether a settlement conference would be appropriate.  In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADR), and to briefly set forth the results of such consideration and discussion.  For Lanham Act cases, the parties must comply fully with Local General Rule 16.3.**

The parties engaged in unsuccessful settlement discussions while undergoing mediation with the U.S. Equal Employment Opportunity Commission.  No settlement discussions have taken place since the mediation.  The parties are not opposed to a court assisted settlement conference after fact discovery is complete, but feel that a settlement conference at an earlier date and/or other ADR mechanisms would not be useful.

CHICAGO/#1775815.3 4/18/08

- 5 -

**N.    Whether the parties will consent to trial before a magistrate judge.**

The parties have not consented to trial before a magistrate judge.

| MATTHEW C. CHARLES | RUSH NORTH SHORE MEDICAL CENTER |
|---|---|
| By: s/ Sara Louise Spitler | By: s/ Christopher L. Nybo |
| One of His Attorneys | One of Its Attorneys |
| Donald S. Rothschild 2402963 | Bruce R. Alper, Bar No. 03122801 |
| Sara Louise Spitler 6270658 | Christopher L. Nybo, Bar No. 06278147 |
| Goldstine, Skrodzki, Russian, | Vedder Price P.C. |
| Nemec & Hoff, Ltd. | 222 North LaSalle Street, Suite 2600 |
| 835 McClintock Drive, Second Floor | Chicago, IL  60601-1003 |
| Burr Ridge, IL  60527 | (312) 609-7500 |

Dated: April 18, 2008